[No. 18914.   Department One.   April 23, 1925.]

W. D. GODEFROY, *doing business under the name and
style of Northern Pacific Land Exchange, Re-
spondent, v. JOHN REILLY et al.,
Appellants.*[1]

JUDGMENT (213, 219)—CONCLUSIVENESS—PERSONS CONCLUDED—
WITNESSES—IDENTITY OF CAUSES OF ACTION—DISTINCT CAUSES.   A
judgment dismissing an action for the rescission of a sale of land
for fraud is not *res judicata* or a bar to a subsequent action against
the plaintiff in the former action to recover a broker's commission
upon the sale, notwithstanding the broker testified in that action;
since he was not in privity with the defendant therein, and the
issues and the evidence were not the same in the two actions.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered May 7, 1924, in
favor of the plaintiffs, upon sustaining a challenge to
defendant's testimony, after a trial to the court and a
jury, in an action for a broker's commissions.   Re-
versed.

*R. L. Edmiston* and *Fred M. Williams,* for appel-
lants.

*O. C. Moore,* for respondent.

TOLMAN, C. J.—This is an action by respondent, as
plaintiff, to recover a commission as broker upon an
exchange of real estate between the appellants and one
Hopkins, as shown in *Reilly v. Hopkins,* 133 Wash. 421,
234 Pac. 13, to which case reference may be had
for a history of the transaction.   The action was tried
to a jury, but, at the close of all of the testimony, a
challenge to the sufficiency of the evidence to support
the defense and the cross-complaint was sustained, the
jury discharged and a judgment rendered for the plain-

[1]Reported in 235 Pac. 8.

tiff in the full amount claimed, from which the defendant has appealed.

Many questions are raised and discussed which we do not find it necessary to now mention. It will be sufficient to say that, except in the matters hereinafter specifically referred to, we find no error on the part of the trial court.

The chief and vital questions are whether there was evidence on the part of appellants sufficient to carry the case to the jury, and whether or no the judgment in *Reilly v. Hopkins, supra,* was determinative of the issues here. After a careful study of the record, we are convinced that there was in this case sufficient evidence on the part of the appellants to carry to the jury the question of the making by respondent of representations to the appellants, upon which they relied, to the effect that no lands in the irrigation district had been forfeited or sold to the district because of delinquent water assessments, and that the assessment of ten dollars per acre was a special charge for one particular year because of the necessity of certain improvements and repairs, not likely to be continued in effect or repeated, and that thereafter the annual water assessments would not exceed $1.50 per acre. We are not unmindful of the testimony of Mr. Vanderspeckt and others, to the contrary, but, so far as such conversations related to the water charge, they are denied by the appellants, at least inferentially; and moreover Mr. Reilly testified that the only conversation which he had with Mr. Vanderspeckt was after the transaction had been consummated and before he was fully advised as to the actual conditions. A jury might have found that the conversation did not extend to the matter of the $10 per acre charge, or, if so, that it had reference to such charge for only one particular year and not to a continuing annual charge of that amount.

The real question seems to be whether or not the judgment in *Reilly v. Hopkins* is *res judicata* of these matters. It may be admitted that the principle of *res judicata* applies, not only to the parties, but to those in privity with them; but we see no privity between respondent and Hopkins. Respondent claims no right by, through or under Hopkins. That he testified in the *Hopkins* case, might, under some circumstances, cause him to be bound by an adverse judgment, but we have been cited to no authority which holds that, under the conditions here shown, he can now clothe himself with the mantle of rectitude which that judgment casts upon Hopkins. There are a number of reasons why he should not be permitted to do so. One or two will suffice. First, Reilly and Hopkins were dealing at arm's length, and the action between them was one to rescind on the ground of fraud. Since fraud is never presumed, every inference in that case had to be drawn in favor of Hopkins. Here, respondent sues as the agent of Reilly, thus alleging a fiduciary relationship; and what might be wholly insufficient to warrant a holding of fraud on the part of Hopkins might well satisfy either a jury or court that the agent had so far failed in his duties to his principal, and so far violated his trust and the confidence reposed in him, as to defeat his right to recover compensation for his services. Moreover, the issues were different in other respects and the evidence differed also. We see no reason why this question does not fall squarely under the rule applied in *Grant v. Ten Hope,* 117 Wash. 531, 201 Pac. 750.

We hold that the issues hereinbefore pointed out should have been submitted to the jury.

The judgment appealed from is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.

ASKREN, MAIN, PARKER, and BRIDGES, JJ., concur.